UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BIANCA COLE,

       *Plaintiff*,

  v.                                           Civil Action No. 21-2599 (TJK)

AVRIL HAINES et al.,

       *Defendants*.

## MEMORANDUM ORDER

Bianca Cole, an alleged former government employee and contractor, sued the Director of National Intelligence, the Director of the CIA, Booz Allen Hamilton Inc., CACI International Inc., and Perspecta/Peraton.[1] She alleges that Defendants directed several discriminatory or otherwise unlawful acts at her. Each—except Perspecta/Peraton, which Cole never served—now moves to dismiss. For the following reasons, the Court will dismiss the case.

\* \* \*

In her complaint, Cole, proceeding pro se, appears to allege that between 2014 and 2021 she worked for CACI International, Perspecta/Peraton, the Office of the Director of National Intelligence, and the CIA, and that she sometimes interacted with Booz Allen Hamilton employees. *See* ECF No. 1; ECF No. 18-1 at 30–35.[2] She claims that these entities harassed and discriminated

---

[1] Cole named the Acting Director of the CIA in her complaint, but as discussed below she brings only official-capacity claims against him, and the CIA has had an appointed Director (who replaced the Acting Director that Cole sued) since before Cole filed suit. Thus, the Director of the CIA is substituted as the defendant. *See Wilder v. Solis*, No. 09-cv-681 (RBW), 2009 WL 989774, at \*1 n.1 (D.D.C. Apr. 13, 2009) (citing Fed. R. Civ. P. 25(d)).

[2] Cole filed only a court-provided form complaint that contained no factual allegations itself but referenced a missing attachment. *See* ECF No. 1 at 1–7. CACI International received the missing

against her because of her race, religion, color, gender/sex, and national origin. *See* ECF No. 1 at 5; ECF No. 18-1 at 30–35. She allegedly pursued administrative action over this harassment and discrimination twice, to no avail. *See* ECF No. 1 at 6; ECF No. 18-1 at 30, 32.

On September 30, 2021, Cole then filed this suit. ECF No. 1. She purports to bring claims under Title VII, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1981–83, 1985–86; the Equal Pay Act, 29 U.S.C. § 206(d); the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–23; and several federal criminal statutes, 18 U.S.C. §§ 242, 245, 2261A. *See* ECF No. 1 at 4; ECF No. 18-1 at 35. For relief, she asks for about ten million dollars in damages, a "retraction/clarification" and related corrective actions for false statements made about her, and "[r]einstatement of employment" or alternative additional damages. ECF No. 18-1 at 34.

About a month before Cole's deadline to complete service, the Court warned her that "to avoid the dismissal of this action," before the service deadline she either had to serve Defendants and file proof of service or show good cause for an extension. Minute Order of November 29, 2021. Cole moved for an extension, which the Court granted. ECF No. 7; Minute Order of December 30, 2021. Cole later filed proofs of service to show that she served each defendant except Perspecta/Peraton. ECF No. 10; ECF No. 11. She also requested another extension to serve Perspecta/Peraton, which the Court granted, giving her until March 25, 2022 either to complete service and file proof of service or seek another extension of time. ECF No. 9; Minute Order of March 1, 2022. Cole did neither.

---

attachment from Cole and attached it as an exhibit to its motion to dismiss. *See* ECF No. 18-1 at 3 & n.2, 30–35. For now, the Court considers the allegations in the attachment along with the information from the form complaint.

Meanwhile, all other defendants filed dispositive motions. Booz Allen Hamilton moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* ECF No. 13 at 1. CACI International moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. *See* ECF No. 18 at 1.[3] The Director of National Intelligence and the Director of the CIA—the "Federal Defendants"—jointly moved to dismiss for improper venue and for failure to state a claim, or in the alternative, for summary judgment or to transfer venue. *See* ECF No. 26 at 1, 13. The Court ordered Cole to respond to each motion, gave her more than a month to do so, and warned her that the Court may treat the motions as conceded if she did not respond. *See* ECF No. 15; ECF No. 20; ECF No. 27. Cole did not respond, and it has been about a month since her latest deadline passed. *See* ECF No. 27.[4]

\*   \*   \*

First, the Court will dismiss Cole's claims against Perspecta/Peraton. Under Rule 4(m), if "a defendant is not served within 90 days after the complaint is filed, the court . . . on its own after notice to the plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This rule gives district courts "discretion when determining whether to dismiss for failure to timely effect service." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021). The Court twice granted Cole extensions of time beyond the ninety-day deadline to serve Perspecta/Peraton and file proof of service, and the Court invited her

---

[3] CACI International also disputes that Cole properly served it, but the Court need not reach this issue. *See* ECF No. 18-1 at 3 n.1.

[4] Booz Allen Hamilton filed its motion on March 16, 2022, and the Court gave Cole until May 9, 2022, to respond. *See* ECF No. 13; ECF No. 15. CACI International filed its motion on March 18, 2022, and the Court gave Cole until May 9, 2022, to respond. *See* ECF No. 18; ECF No. 20. The Federal Defendants filed their motion on May 20, 2022, and the Court gave Cole until June 24, 2022, to respond. *See* ECF No. 26; ECF No. 27.

to seek a third extension by March 25, 2022, if good cause warranted one. *See* Minute Order of December 30, 2021; Minute Order of March 1, 2022. But Cole neither filed proof of service on Perspecta/Peraton nor moved for another extension to serve it. Her (twice-extended) deadline to do so passed about four months ago. Thus, the Court will dismiss Cole's claims against Perspecta/Peraton for failure to effect service.

Second, the Court will grant Booz Allen Hamilton's motion to dismiss. In its motion, Booz Allen Hamilton argues that Cole's claims against it should be dismissed for failure to state a claim. *See* ECF No. 13-1 at 6–14. Despite the Court's order and warning, Cole has not responded to this motion. *See* ECF No. 15. Thus, Cole has conceded it. *See, e.g.*, *Finnegan v. Sojourn, LLC*, No. 21-cv-1878 (TJK), 2021 WL 4893068, at *1 (D.D.C. Oct. 20, 2021) (citing LCvR 7(b)). As a result, the Court will grant the motion and dismiss Cole's claims against Booz Allen Hamilton for failure to state a claim.

Third, the Court will grant CACI International's motion to dismiss. In its motion, CACI International argues that Cole's claims against it should be dismissed for lack of personal jurisdiction or for failure to state a claim. *See* ECF No. 18 at 1; ECF No. 18-1 at 4–15. Despite the Court's order and warning, Cole has not responded to this motion. *See* ECF No. 20. Thus, Cole has conceded it. *See, e.g.*, *Finnegan*, 2021 WL 4893068, at *1. Accordingly, the Court will grant the motion and dismiss Cole's claims against CACI International for lack of personal jurisdiction.[5]

Fourth, the Court will dismiss Cole's claims against the Federal Defendants. In their motion, they assert that Cole sued them in their official capacities—a point that Cole's allegations bear out, even construing them liberally in her favor, ECF No. 18-1 at 30–35—and argue that the

---

[5] Thus, the Court does not reach whether Cole failed to state a claim against CACI International. *See Arora v. Buckhead Family Dentistry, Inc.*, 263 F. Supp. 3d 121, 133–34 (D.D.C. 2017).

4

claims against them should be dismissed for improper venue or for failure to state a claim. ECF No. 26 at 1, 13–28. They also move in the alternative for summary judgment or to transfer venue. *Id.* at 13, 30–33.

To begin, however, the Court must satisfy itself that it has subject matter jurisdiction over the claims Cole asserts against the Federal Defendants. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).[6] The Federal Defendants are federal officials sued in their official capacities, so they are shielded from suit by the United States' sovereign immunity—a "jurisdictional" bar—absent an unambiguous waiver of that immunity in statutory text for Cole's claims. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Mowrer v. U.S. Dep't of Transp.*, 14 F.4th 723, 728 (D.C. Cir. 2021); *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017). For most of Cole's claims, the United States has not waived sovereign immunity. For instance, any claim Cole asserts against these defendants under the Civil Rights Acts of 1866 and 1871 is barred by sovereign immunity.[7] The same is true of the claims Cole purports to bring under some of the federal criminal statutes

---

[6] The Court could dismiss for improper venue without first addressing subject matter jurisdiction. *See, e.g.*, *Attkisson v. Holder*, 241 F. Supp. 3d 207, 211–12 (D.D.C. 2017). But to *dismiss* rather than transfer for improper venue, the Court would need to "take a peek at the merits"—that is, consider at least whether Cole has stated a claim against these defendants. *See Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 418 (D.D.C. 2020) (internal quotation marks omitted). And before considering that, the Court must assure itself of subject matter jurisdiction. *See, e.g.*, *Sledge v. United States*, 723 F. Supp. 2d 87, 95 n.8 (D.D.C. 2010). Thus, for efficiency's sake, the Court will first address jurisdictional issues with Cole's claims against the Federal Defendants, and for any remaining claims over which the Court has jurisdiction, it will proceed to consider whether she has stated a claim.

[7] *See, e.g.*, *Strong-Fisher v. LaHood*, 611 F. Supp. 2d 49, 52–53 (D.D.C. 2009) (42 U.S.C. § 1981); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982), *cited by Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) (42 U.S.C. § 1982); *Nicholas v. U.S. Secret Serv.*, No. 18-cv-606 (EGS), 2020 WL 2571520, at *1 (D.D.C. May 21, 2020) (42 U.S.C. § 1983); *Boling*, 290 F. Supp. 3d at 46–47 (42 U.S.C. §§ 1985, 1986).

she invokes.[8]  Thus, the Court must dismiss these claims for lack of subject matter jurisdiction.

The only claims against the Federal Defendants that are not barred by sovereign immunity are Cole's claims under Title VII, the Equal Pay Act, and the Electronic Communications Privacy Act.  *See Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (Title VII); 29 U.S.C. §§ 203(d), (x), 206(d)(1) (Equal Pay Act); 18 U.S.C. § 2712(a) (Electronic Communications Privacy Act).  And in their motion, these defendants argue that Cole failed to state any of these claims against them.  *See* ECF No. 26 at 13–14, 20–26.  Despite the Court's order and warning, Cole has not responded to this motion.  *See* ECF No. 27.  Thus, Cole has conceded it.  *See, e.g.*, *Finnegan*, 2021 WL 4893068, at *1.  Accordingly, the Court will grant the motion in part and dismiss these claims against the Federal Defendants for failure to state a claim.[9]

*   *   *

---

[8] *See, e.g.*, *Boling*, 290 F. Supp. 3d at 47 (18 U.S.C. § 242); *N'Jai v. U.S. Dep't of Educ.*, No. 19-cv-2712 (DLF), 2021 WL 1209281, at *7 (D.D.C. Mar. 31, 2021) (18 U.S.C. § 245); *LaRue v. Johnson*, No. 16-cv-504 (EGS/RMM), 2018 WL 1967128, at *11 (D.D.C. Feb. 22, 2018), *report and recommendation adopted*, 2018 WL 2561036 (D.D.C. Apr. 4, 2018) (18 U.S.C. § 2261A).

[9] Even if Cole's complaint could be construed to assert any other claim besides those the Court has identified, the Court on its own motion would dismiss such claim without prejudice for failure to prosecute, given Cole's inactivity since February 2022 despite the Court's repeated orders advising her to act to protect her interests.  *See* ECF No. 9; Minute Order of March 1, 2022; ECF No. 15; ECF No. 20; ECF No. 27; *see also James v. Nationstar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017).

For all these reasons, it is hereby **ORDERED** that:

1. Plaintiff's claims against Defendant Perspecta/Peraton, ECF No. 1, are **DISMISSED** for failure to serve Perspecta/Peraton;

2. Defendant Booz Allen Hamilton Inc.'s Motion to Dismiss, ECF No. 13, is **GRANTED**, and Plaintiff's claims against Booz Allen Hamilton are **DISMISSED** for failure to state a claim;

3. Defendant CACI International Inc.'s Motion to Dismiss, ECF No. 18, is **GRANTED**, and Plaintiff's claims against CACI International are **DISMISSED** for lack of personal jurisdiction;

4. Plaintiff's claims against Defendants the Director of National Intelligence and the Director of the CIA are **DISMISSED IN PART** for lack of subject matter jurisdiction; and the Director of National Intelligence and the Director of the CIA's Motion to Dismiss, to Transfer Venue or in the Alternative for Summary Judgment, ECF No. 26, is **GRANTED IN PART** insofar as the remaining claims Cole asserts against them are **DISMISSED** for failure to state a claim; and

5. This case is **DISMISSED**.

This is a final appealable Order. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 27, 2022